We'll call our first case, Arroyo v. Privett, case number 22-1307. Ms. Martins, it's my understanding you want to split time. Excuse me. Split time today or? Yes, Your Honor. Okay. We will be, Mr. Abramson and I will be splitting time. I will also be reserving two minutes for rebuttal. Okay. Just understand that's at your own risk because we don't keep track of it for you. Yes, Your Honor, of course. This may not be a place for you to sit down, so you'll just have to work that out. Yes, Your Honor. Thank you. Proceed. Good morning. May it please the Court, my name is Kelsey Martin, and I represent Alex Hall, Josh Moore, and Andrew Privett in this consolidated appeal. To my right, Jonathan Abramson represents Chad Weiss, Timothy Holcomb, and Dustin Ross. We will be splitting argument in this matter. I will be handling the scope of employment analysis in our briefing, and Mr. Abramson will be handling the evidentiary issues raised in our opening brief. I will also be reserving two minutes for rebuttal. Today, we respectfully request that this Court overturn the District Court's striking of the Westfall certification as to appellants and find, as a matter of law, that the United States properly substituted itself for the defendants. What should we be thinking about the fact that the United States hasn't appealed? So that is not a dispositive issue in this case. Under Hockenberry, private counsel for appellants also has the legal standing to appeal this. The United States, as my understanding, discussed and declined to do so. I was not privy to those conversations amongst the United States and its counsel. And, you know, as appellants do have private counsel, we were ready to step in and take it. I can only speculate as to why the United States did not step in. But, of course, that is not a dispositive determination. But the United States never took a position or stated an opinion on the merits of your appeal. I think that's correct, isn't it? They have not stated anything related to our appeal. But, of course, they did step in and certify under the Westfall certification that the appellants were acting within the scope of their employment, which was since overturned by the District Court. No, I'm talking about the decision to appeal that. They didn't express any public opinion about that, about why they didn't join you. Not any that I'm aware of, Your Honor. Counsel, before you begin, and I understand you're trying to limit yourself to the scope of employment issues, I have some concerns about how this played out in the District Court, where there was no evidentiary hearing, but the District Court made findings of fact on credibility and controverted factual issues, which I believe is your argument that there should have been an evidentiary hearing. But doesn't that argument really precede your argument if we agree with you that there should have been an evidentiary hearing and you can't resolve controverted material issues of fact without one? Doesn't it come before your scope of employment argument? So, Your Honor, my argument related to scope of employment is really going to focus on particularly Hockenberry and distinguishing this matter from Hockenberry, where we believe that this matter, even with the evidentiary issues with Mr. Abramson's other half of the argument, still could have been decided as a matter of law based on the scope of employment standard in Colorado and corresponding case law in Colorado. So your position, maybe this feeds into Judge Moritz's question, is if your position proceeds from our accepting the District Court's factual findings. That's correct, Your Honor. And so you have not challenged those factual findings for clear error. We are proceeding based on the Court's findings, and you're making an argument as a matter of law. That is correct, Your Honor. For purposes of this appeal, we are proceeding with the findings, in fact, that the District Court made, and even notwithstanding those findings of fact, as a matter of law, the District Court still could have decided that they were acting within the scope of their employment. So the scope of employment standard in Colorado was set out in Moses, and subsequent cases have held the same two-pronged standard for evaluating  That turns on the first prong, whether the employee was doing work that he was assigned by his employer, or whether that work was necessarily incidental to completing the work assigned by his employer, or whether it was in the course of business assigned by his employer. The second prong of the scope of employment set out in footnote 27 of Moses and upheld consistently by subsequent case law relates to the intent portion, whether the employee was acting in furtherance of his employer's business interests. And here, notwithstanding the District Court's findings of fact, I think the appellants were squarely acting within that scope of employment. Squarely what? Acting within that scope of employment set out by the BOP. Which prong of Moses are we in right now with your argument? Are you talking about the first component of it, or are you talking about intent or both? I'll be talking about them contemporaneously, but I'll start out with the first prong. It is an undisputed fact that the BOP, through the certification process,  go to the administrative building, conduct a secondary search to make sure there aren't any threats, and physically clear the room out and empty it. That is an undisputed fact on the record found by the District Court. But wasn't there a decision at some point that they were told that the exercise had concluded? The District Court did not find whether appellants actually heard that, whether they were aware that appellees were staying out of role. That is still disputed, and the District Court did not make any findings as to that. The District Court did make findings that appellees did say that, but it is unclear whether they heard it. And I think even regardless of that. So are you suggesting that's not material to the decision? I think even notwithstanding whether appellants heard the, you know, out of role or what appellees were saying, what is important is their intent. Well, they could have any intent at all, but if in fact they were told out of role, doesn't that stop this from then being part of an official activity at that point? There is, you know, there's some facts that appellants perhaps thought this was an emergency or they weren't sure what was going on. But if they thought it was an emergency with hostages, then wasn't their employment requirement that they call in a specialized negotiation team? In these situations, which is why this is, you know, this is a 25-minute period in time where appellants went in to clear this room, were immediately faced with, you know, they were supposed to breach this room, and were immediately faced with opposition from appellees. They did not know what was going on. You know, some thought this might be an emergency. Some thought this is still part of the mock training exercise. The emergency part was if you're accepting the district court's findings of fact and you seem to be saying you are, made without an evidentiary hearing, she rejected that argument. I believe the district judge said, I don't believe that, that they could have believed in this situation that there was an emergency happening inside that room. So if you're accepting that, you've got to accept those facts. That is correct, Your Honor. The district court did make that finding. That is disputed by here. Well, you just said you weren't disputing the facts the district court found. I'm a little confused about that argument. I will continue with the district court's findings. I don't believe that, that it is a material difference, because appellants' intent in breaching this room and clearing it out was in furtherance of the POP's interest. Can I ask you a question? One of the themes that emerged in your brief, it seemed, was you're finding fault with the district court lumping everyone together, lumping all your clients together, and not parsing out their individual actions. So are you doing that now, too, in the sense that your arguments apply equally to all of your clients, or are there certain arguments that may apply differently to some of your clients? So it is our position that all appellants were acting within the scope of their employment. The district court, of course, disagreed with that, and that is where the split came up. There were some that I think unequivocally, including Andrew Privet, were, you know, he was just watching. He was there to supervise. He was not participating. And I think, you know, specific appellants like that, you know, needed some kind of individualized determination. And an individualized determination is really required when you're doing an application related to Westfall or qualified immunity, where there is that intent portion. So where that intent portion lies, it can, you know, sit differently with any appellant. But I think this case here. Can you pop back to what you said just before, which was that there was no motivation here to do anything other than what was within the scope of their employment, which was finish out this exercise, this training exercise. And yet, once again, you've got district court findings saying, I think the motivation was out of frustration, basically anger. They were frustrated that these individuals weren't coming out of the business office, weren't clearing out. They got angry and they went in with the pepper spray and the simulation. That's what the district court found. Once again, I think you're kind of stuck with those findings if you're going to accept them. So I diverge a bit on that, where I, is my understanding that the district court, that was her, you know, the court's analysis of the specific facts. And under Hockenberry, this is reviewed de novo. And I think that that was a, you know, a legal conclusion or, you know, a finding related to the certification of employment. But her conclusion that there was on motivation was based on a factual finding that she made that you didn't challenge. Is that fair to say? I'm sorry, can you repeat the question? The district court's conclusion that the motivation here was frustration, not in service of BOP policy or BOP, that the intent was different from complying with what BOP wanted, that it was motivated by frustration or anger or whatever. That's a factual finding that was not challenged as clearly run as, is that correct? Correct. I believe even if, you know, appellants were acting out of frustration, that does not, you know, you can still be acting within the scope of your employment and be frustrated when you're performing your job duties. I think what is.  That's not what the district court found. And that's a problem. I am going to distinguish this from Hockenberry just very briefly before I give Mr. Abramson a chance to come up. And Hockenberry, you know, the Westfall certification, once it is certified by the United States that the United States is the proper defendant here, that is a prima facie finding that appellants were acting within the scope of their employment. And after that, it is the burden of appellees to prove through specific factual findings that that is not the case. And the appellants were acting through some other motivation or outside the scope of employment. And that did not happen here. No. But what we said in Hockenberry was that a district court can proceed as though it's a summary judgment type motion. You can submit your briefs and your, your affidavits and your deposition transcripts. And you can, if the district court can, it can resolve any, it can resolve the issue based on undisputed facts. But if there are disputed material facts, we said in Hockenberry, and there was one in that case, then the district court must conduct an evidentiary hearing and resolve those material disputed facts. That didn't happen here. But once that happens, then we would review the district court's findings after the evidentiary hearing based on clear error, the factual findings. So the whole thing's kind of gotten mixed up here, I would say, because of how the district court proceeded to resolve factual findings and make credibility findings without an evidentiary hearing. Well, but you didn't object to that process. Is that correct? So counsel for appellants do not participate in the evidentiary hearing that was done by the United States. And I believe appellees did request an evidentiary hearing. Did or did not? Did. It's my understanding that appellees did request an evidentiary hearing that the court felt was not necessary. But distinguishing from Hockenberry, and I understand Hockenberry was remanded due to the material disputed fact, it's our position. For an evidentiary hearing. Yes. Yes, Your Honor, of course, for an evidentiary hearing. And it's our position here that even notwithstanding the facts of the district court, appellees have not been able to articulate through specific facts why appellants were acting outside the scope of their employment. Their argument has been, look at what happened. What other explanation can there be other than they were acting out of personal vengeance and personal frustration. And that is simply not what happened here. Appellants were ordered to clear this room. And once that room was cleared, albeit a bit messy, once that room was cleared, the exercise was over. And they were helping appellees down from cabinets. They were escorting appellees out. And once everyone was out of the room, the mock training exercise was over. And there was no, you know, if this would have been out of something like personal frustration, there ostensibly would have been, you know, continued, you know, fighting or combat or something like that following the clearing of the room. But once the appellant's employer's goals were accomplished, they ceased the mock training exercise. And I'm out of time, Your Honors. Thank you. Thank you for your time. Good morning and may it please the court. My name is Andrew Bergman and I represent the plaintiff appellees, Jose Arroyo, Heather Baum, Sam Cordo, and Amber Miller. Your Honors, I have two points that I'd like to make. And the first is that the district court's ruling setting aside the West Falls certification is amply supported by the record. And the second is that the procedural errors that the appellants are raising do not meet the standard for reversibility in this appeal. Well, let's talk about the . . . let's talk, if you don't mind, first about the lack of an evidentiary hearing in the district court that made findings on disputed factual issues and credibility issues and then based her decision on that. And I understand the argument that they've waived that because the counsel agreed when the district court said, well, here's what I'm going to do. But the way I read the transcript, the district court never said, I'm going to make disputed factual findings and I'm going to make credibility findings. She said, I think I have everything I need here on the record and I'll just go ahead and make my findings, which is what you do if you can make your determination based on undisputed facts. And counsel said, defense counsel said, okay, that sounds fine. And then later on plaintiff's counsel says, well, I think maybe we need some testimony here after they realize where this judge is going. And I don't know if that was you, but someone offered three witnesses to testify that they had there and the judge said, no, no, we're going on. And we can overlook, if that was error for the district judge to make credibility findings and factual findings on disputed facts, we can overlook that waiver. And if we do, what would be your response to that? I would offer a couple of reasons. Why wasn't that error for the district court to disregard the procedures that we've put in place and outlined specifically recently in Hockenberry on this procedure? I would offer a couple of responses, Your Honor. And the first is that the hearing that the district court held was adequate. In cases like Hockenberry, there was an exceedingly limited record. There hadn't been sufficient discovery yet. There were only written statements. What the district court reviewed here were full. There was only one issue. We sent back one issue, which was basically intent, essentially, or the truth of the statement being made by the victim. We sent it back on that one issue because it was disputed, and it was material. And so it couldn't be resolved in summary judgment fashion. Understood, Your Honor. And I think we can, this case is a little bit different. And I think in Hockenberry, the court was focused on that intent requirement under Oklahoma law for determining whether the employee was in the scope of employment. In this case, we've got this two-part test from Colorado law, which starts with the question of whether they were doing assigned work or something incidental to assigned work or customary to their work. It doesn't have anything to do with intent. And then there's the second requirement about whether what they were doing was in furtherance of the employer's business. And for that second requirement, you can look at intent. What the district court did here — Isn't there some case law that with respect to intentional torts, we can look at the motive of the individual? And the district court here did that. She said, I think their motive was no longer to finish out this training exercise. Their motive was out of frustration with these individuals who wouldn't come out. So she did look at motive here. She did look at intent, basically. Well, that's correct, Your Honor. But there's two requirements that the appellants had to meet to be in the scope of their employment. One of them had nothing to do with intent. The other one was about whether they were acting in furtherance of their employer and what their motive was. And so the court did look at intent. Based on the first requirement, which doesn't involve intent, I think we really have, like, largely undisputed findings about what happened, what their assigned work was, what they were supposed to do. So do we not need to reach the second part? I would say the court does not need to reach the second part. There's two requirements to be in the scope of employment under Colorado law. If they don't meet one of them, that's enough to uphold the district court's ruling that they're outside the scope of their employment. But even if the court does want to look at the second requirement and does want to look at intent, I don't think what the district court did here was entirely out of bounds. In fact, the district court did look at complete deposition transcripts and did look at complete written testimony from a number of witnesses. And, you know, the law calls on district judges in a number of instances to make credibility findings and to weigh the persuasiveness of evidence based on written testimony. There have been... What, what, and what? I'm not aware of that. And we specifically said that you treat these Westfall motions as basically summary judgment motions. And with respect to a summary judgment motion, what the district court does is take each party's statement of facts based on affidavits, based on depositions, based on discovery, and they don't make findings of fact. That's exactly what we don't do in a summary judgment motion. They make determinations as to what facts are material and uncontroverted. It's the opposite of finding disputed facts. And what we've said is when there are controverted material facts in one of these Westfall hearings, you've got to have an evidentiary hearing because the summary judgment standard doesn't allow for that. And that's not what happened here. We have a whole lot of disputed facts that were determined. So the question really is what I think you've just made it, which is can we disregard every credibility finding, every disputed fact that the district court resolved here, and there were many, and still have enough to determine that the district court was correct in deciding that this was outside the scope of employment? I think the court can do that. And, you know, just based on what appellants are arguing, the thrust of their point about the credibility findings went to their intent, and that only goes to one of the two requirements for scope of employment under Colorado law. The fact that the district court reached that to provide additional analysis or to otherwise insulate her decision or to, you know, give an alternative basis for her ruling doesn't mean that she didn't indicate she did that. You can't say this was an alternative basis because she relied heavily on her findings of fact. That's correct, Your Honor. The district court didn't say that it was an alternative basis. My point is that there are two requirements, and the district court looked at both of them, and if they don't meet one of the two requirements, that's enough for affirming the decision that they weren't within the scope of employment. What is the state of our law on evidentiary hearings after Fowler? I mean, Fowler seems to say, yeah, you only need an evidentiary hearing if it's necessary. Hockenberry seems to suggest that if there are genuine disputes of material fact, district court must hold a hearing. So could you speak to what your understanding of the applicable standard is for evidentiary hearings in this context? So my understanding is that when the motion to set aside the certification is made, the district court looks at whether there can be a determination based on undisputed facts similar to a summary judgment motion. However, in Hockenberry, the court said that you have to look at the evidence in the light most favorable to the party opposing the Westfall certification, and so it is flipped a little bit. Ordinarily, it would be against the non-movement, but here the evidence is viewed in favor of the plaintiffs who are the movements. And so if, based on that standard, the court thinks there's disputed facts or the court thinks that there needs to be an evidentiary hearing, the court can do that. Is it that there need to be disputed facts, or is it that if the court feels that based on the evidence already developed, the court is in a position to resolve the disputes? Is a hearing still required? I would say that a hearing would not still be required if the court is in a position to resolve the disputes, but I would also say that the type of hearing and the particulars of how that hearing has to be conducted are not spelled out in Hockenberry. But you agree this wasn't an evidentiary hearing? I agree that it wasn't an evidentiary hearing in the sense that there was no live witnesses presented. I do agree, yes. But the district court did consider testimony that was in writing, testimony that was based on depositions, and we think that that's something that district courts do all the time. There have been entire trials conducted where district judges have to determine whether a witness who testified by deposition, who was presented at trial by deposition, was credible, and sometimes even relative to other witnesses who testified by deposition. So we think the district court was within its bounds to make those determinations based on those facts, but yes, we agree there wasn't an evidentiary hearing with live witnesses, of course. Under the standards that apply in this sort of quasi-summary judgment context, does your friend on the other side have an obligation to object on clear error grounds on appeal in order to challenge the factual findings? In other words, if there was no clear error objection here, how should we be thinking about that? I would say that the appellants do have the responsibility to object on the basis of clear error if there's factual findings that are made, and I think the law in the Tenth Circuit's pretty strict. You have to do it in the opening brief, and I think we've cited cases to that effect. The standard for challenging factual findings is clear error, and I think they agree with that. They don't agree with it until their reply brief, which is too late to make that challenge, but I don't think they're disputing that the standard is clear error, and I don't think they're disputing that they had to raise it in their opening brief either if they didn't do that, but I think it's also important. I guess my question is, I'm sorry, just to clarify, I think my question is, if the district court made an error as a matter of law in failing to hold an evidentiary hearing, did the appellant have an obligation to object to factual findings on clear error grounds? If the district court made an error as a matter of law? Yes. I think they would only have to object to clear error if the district court's ruling as a matter of law was based on some factual finding that they don't agree with. If they want to accept the factual findings as they are and the legal conclusions that draw from those factual findings, they can do that. They don't have to object that it was clear error because they're not objecting to it, but yes, if they're disputing the factual findings, then yes, I think they would have to object or they'd have to raise clear error. Is there one fact that might perhaps be uncontroverted that could resolve this entire litigation and that is the fact that the officers used the pepper spray despite twice on these individuals holed up in this business office, twice without having permission, without actually requesting permission and not receiving it, being told not to do this. Why wouldn't that be resolved the whole matter? I didn't see that you argued that. I think it could resolve the whole matter. Why doesn't that take it outside the scope of their employment? They were told, no, you do not do this. They did it. Now, one person apparently sprayed, but can we attribute that action, which was contrary to their specific instructions, can we attribute it to all of the defendants? I think you can, Your Honor. And I would say, to answer your first point, it is undisputed. They're not disputing that the spray was used and it was used twice. They're not disputing that they're not permitted to use it on staff under any circumstances. And they're not disputing that it wasn't even part of the exercise. They didn't have it with them. They had to go to another location in the facility to go get it. It wasn't part of this training procedure at all. There's no dispute that they had to request permission, that they didn't receive permission, and they did it anyway. And what are the facts about whether all of them knew that permission was requested and denied, specifically denied? Who knew that? So it was, I believe it was Moore and Hall that went to go and get the OC spray. It was Weiss that used the spray. It was Privet that was supervising, and he went to go get gas masks. And then it was the other two. I think it was Ross and, or Holcomb, was involved in trying to request the permission and didn't receive it. And that was on a radio, so they would have been able to hear that. Was there fact finding that they all heard it? I don't know if there was a fact finding that each individual person heard it. Wouldn't that be important? If we think that they disregarded specific instructions not to use the pepper spray, wouldn't it be important whether all of these five defendants, if they're going to be held to that, that they knew that there had been that instruction? I'm out of time. Is it OK if I answer? That's all right. Please proceed. So I think it would be relevant, but I don't think it would be dispositive of that question. And the reason I say that is because it's BOP policy that is not supposed to be used without direct authorization under any circumstances. And when we're looking at whether something is their assigned work or related to their assigned work, it doesn't matter what they knew, what their intent was. It matters what they were actually assigned and actually allowed to do under the circumstances. And so it shouldn't matter just what they happened to have been aware of at the time. But if no further questions, I'll. Thank you. Thank you. I'll give you another minute if you'd like to rebut. Good morning. My name is Jonathan Abramson, and I represent appellants Weiss, Ross, and Holcomb. I just want to address the evidentiary hearing part of this very quickly. And I would ask the court to look at the complexity of this case versus Hockenberry and Fowler and Panetto. This case needed an evidentiary hearing. There were massive issues of disputed facts. This was a very complex event. But when the court proceeded, I think you said that it was all right, didn't you? We did not say. Not you personally, but. So, Your Honor, this was. I don't see how this was raised below or preserved here. Your Honor, the United States government did the Westfall certification, and then appellees filed an objection to it. We don't see it as we had standing. We weren't the ones making the Westfall certification as the individual defendants in this case. And the court never addressed us at the underlying hearing other than to enter our appearance. The court didn't ask individual defendants for argument or to address it at all. And it was appellees who actually requested the evidentiary hearing and was denied by the court. Since none of your group asked for the hearing, I'm having trouble seeing how that is preserved now for us to criticize the court for not having a hearing or even reversing for not having a hearing when the appellee's happy that they didn't have a hearing and your side never asked for one. Well, when you say my side, it was the United States. Well, it'd be better than the appellee. Right. The United States government did the Westfall certification. We didn't sign the Westfall certification. I understand that, but my point is that looking at it from a district court's point of view, district court, understandably, could assume that he was doing just exactly what the parties wanted. And even, I mean, I just don't see how that, and then you didn't, nobody argued clear error here. So, I mean, I'm having a great deal of difficulty deciding how this error was preserved. Your Honor, I believe under Hockenberry, it puts the onus on the district court. The court shall. It's not, excuse me, upon request. Even if that's true, and I'm not sure that that is as absolute as the briefs argued it, but there's all kinds of times when the district court doesn't do things that he or she was ordered shall do, and yet if you don't make an objection and preserve it, we can't review it except on a clear error argument, and that has to be presented to us as a clear error argument, and neither of those facts occurred here. Well, again, the United States government did not object to not having an evidentiary hearing. I submit that we didn't have standing to bind the United States government on having an evidentiary hearing, yet we're the ones facing, now that the Westfall certification has fallen, it's fundamentally unfair. We're the ones left to defend. These defendants are left to defend this case, and the whole purpose of the Westfall certification is not for us to be left defending a case when, as Ms. Martin argued, that this was within the course and scope of the court. The only time to have made that unfairness objection was when it was happening so the district court could consider your interest and your point of view, and that didn't happen, and then it wasn't argued by you up here on appeal that that was clear error. So, I mean, I'm just looking at our standard rules of waiver, and then your colleague was very clear that you are accepting the decision, not the decision, but the findings below. You're accepting the record below. So I just think that I'm just having a great deal of difficulty deciding why any of this is relevant. I think we're asking for a de novo review of the SOE, of the scope of employment, and I believe that that is the standard. And I've gone four minutes, so I thank the court for giving us the extra time. Thank you. Thank you. Thanks to all counsel. This has been a very helpful argument. The case will be submitted, and counsel are excused.